IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| ESMERALDA DAVIS, | : | Civil Action No. _____ |
| Plaintiff, | : | |
| vs. | : | |
| ESKANOS & ADLER and PORTFOLIO RECOVERY ASSOCIATES LLC | : : | |
| Defendants. | : | |

COMPLAINT

Esmeralda Davis, by her attorney Ray Johnson, for her claims against the Defendants states:

I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter, "FDCPA") and Iowa Unlawful Debt Collection Practices Act, Iowa Code § 537.7103, et seq. (hereinafter, "State Act"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

II. JURSIDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. § § 2201 and 2202. Venue in this District is

proper in that the Defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

3. Plaintiff, Esmeralda Davis, is a natural person now residing in Polk County, Iowa.

4. Defendant, Eskanos and Adler is a debt collection law firm that conducts business in Iowa with its principle place of business located in California.

5. Defendant, Portfolio Recovery Associates, LLC (hereinafter, "Portfolio Recovery") is a debt collector that conducts business in Iowa.

6. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV. FACTUAL ALLEGATIONS

7. Defendants are attempting to collect an alleged debt from Davis on an open account that allegedly originated from an MBNA credit card.

8. On March 17, 2008, Defendants filed a claim against Davis with the National Arbitration Forum (NAF) to collect the alleged debt. Davis denies the validity of the arbitration demand because she has never agreed to arbitrate with either Defendant. Assuming arguendo there was a valid arbitration agreement, Defendants breached it by refusing to pay fees as provided by the agreement.

9. Davis has the right to litigate any consumer credit matter in her home county pursuant to the Iowa Consumer Credit Code. Eskanos and Adler are not licensed to practice law in the state of Iowa. Defendants now have the arbitration "indefinitely" stayed pursuant to NAF's creditor friendly rules. NAF is not a neutral arbitration forum and it biased in favor of creditors.

10. The alleged cardholder and arbitration agreement is unconscionable because it purportedly bans class actions and requires Davis to pay attorney's fees and expenses in violation of Iowa Code chapter 537. The agreement incorporates NAF rules which purport to allow attorneys unlicensed to practice law in Iowa to do so and/or it allows the arbitration or substantial portions of the arbitration to take place at a location other than Davis' county of residence.

11. The NAF arbitration demand did not include a valid cardholder agreement or an itemization of the alleged debt as required by Iowa law.

12. The Defendants seeks to recover $2,527.90 in attorney's fees. The fees are prohibited by the Iowa Consumer Credit Code, there was no proof of entitlement to fees or the amount, and there was no proof the alleged fee was reasonable. The arbitration is little more than the routine filing of form documents by paralegals and Defendants have not incurred or earned $2,527.90 in attorney's fees.

## V. FIRST CLAIM FOR RELIEF

13. All facts and allegations of this Complaint are incorporated herein by reference.

14. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

   a. Defendants violated 15 U.S.C. § 1692(e)(2) by making a false representation regarding the character, amount, or legal status of a debt.

   b. Defendants violated 15 U.S.C. § 1692(f)(1) by collecting or attempting to collect an amount not permitted by law.

   c. Defendants violated 15 U.S.C. § 1692f by using unfair and or unconscionable means to collect the alleged debt.

15. As a result of the above violations of the FDCPA, the Defendants are liable to the Plaintiff for Plaintiff's actual damages, statutory damages, costs and attorney's fees.

## VI. SECOND CLAIM OF RELIEF

16. All facts and allegations of this Complaint are incorporated herein by reference.

17. Ms. Davis' alleged obligations were "debts" as defined by Iowa Code § 537.7102(3).

18. With regard to attempts to collect from Ms. Davis as alleged herein, Eskanos and Adler and Portfolio Recovery were "debt collectors" engaged in "debt collection" as defined by Iowa Code §§ 537.7102(4) and (5).

19. Defendants violated the State Act. The foregoing acts, omissions and practices of both Defendants were violations of Iowa Code § 537.7103, including but not limited to:

   a. Defendant violated Iowa Code § 537.7103(4)(e) by making a representation which tends to create a false impression of the character, extent or amount of a debt.

   b. Defendant violated Iowa Code § 537.7103(1)(f) by taking an action, or threatening to take an action prohibited by Iowa Code chapter 537.7103 or any other law, including but not limited to attempting to collect attorney's fees.

20. As a proximate result of the unfair debt collection, Ms. Davis has suffered actual damages and injury for which she should be compensated in an amount to be proven at trial.

## VII. RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendants for the following:

   A. Actual damages;

B. Statutory damages pursuant to 15 U.S.C. § 1692k.

C. Statutory damages pursuant to Iowa Code § 537.5201(1).

D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and Iowa Code § 537.5201(8).

E. For such other relief as the Court deems appropriate in the circumstances.

Respectfully submitted,

_____
RAY JOHNSON
AT0004019
Johnson Law Firm
950 Office Park Rd.
Suite 335
W. Des Moines, Iowa 50265
Phone: (515) 224-7090
Fax:  (515) 222-2656
Johnsonlaw29@aol.com